## PITTSBURG FINANCE CO. v. NEWSOME.
### No. 3597.

Court of Civil Appeals of Texas. El Paso.
Oct. 28, 1937.

W. Clyde Hull, of Pittsburg, for plaintiff in error.

J. A. Guest, of Pittsburg, for defendant in error.

NEALON, Chief Justice.

The Pittsburg Finance Company, plaintiff in error, hereinafter styled plaintiff, sued John D. Newsome, hereinafter styled defendant, upon a promissory note for $220, dated January 3, 1931, due October 1, 1931, providing for attorney's fees and interest at the rate of 10 per cent. per annum. Defendant filed general demurrer, general denial, and the plea that the cause of action was barred by the four-year statute of limitation "prior to the filing of this suit." The suit was filed September 30, 1935—one day before the end of the four-year period.

The case was tried to the court, which entered judgment dismissing the same, reciting, after hearing the pleading and the argument: "It is considered by the Court that the plaintiff, Pittsburg Finance Company, ought not to recover of said defendant John D. Newsome, but that said defendant ought to go hence without day," to which judgment plaintiff duly excepted and gave notice of appeal. Thereafter plaintiff filed timely his request for findings of fact and conclusions of law. The county judge did not comply with this request. October 3, 1936, plaintiff again filed a written request for findings of fact stated separately from conclusions of law, and for the second time the county judge failed to comply with the request, to which refusals or failures plaintiff duly excepted.

Plaintiff also presented to opposing counsel and to the county judge a statement of facts, and called the attention of defendant's counsel and of said judge to the same. He was unable to obtain an agreement from counsel for defendant, and after duly certifying said statement of facts, filed it in the clerk's office and requested the court to file a statement of facts. The court approved the bill of exception with respect to the statement of facts, with this qualification: "As Judge of the County Court of Camp County, it is denied by me that statement of facts and conclusions of law was, or has at any time been refused. Statement of facts was prepared by me immediately after adjournment of my February term of Court, but attorney for plaintiff failed to appeal during the time for which nature was given for same."

No statement of facts was ever filed.

### Opinion.

It was the duty of the county judge under the circumstances to prepare a statement of facts and file same. It was not sufficient that he prepare one which he was willing to deliver to counsel

for plaintiff. It was plaintiff's right that the statement of facts be filed. R.C.S. art. 2240. The court erred in failing to perform said duty.

 Likewise the plaintiff, upon request, was entitled to have the judge state in writing the conclusions of fact found by him separately from the conclusions of law, and the court erred in failing and refusing to comply with said request. Article 2208, R.C.S.

On account of the errors pointed out, judgment is reversed and the cause remanded.